IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 27 2009 ★
BROOKLYN OFFICE

| | | |
|---|---|---|
| ANTONIO G. AGBUYA<br>Plaintiff<br>v.<br><br>LVNV FUNDING LLC<br><br>Defendant | § § § § § § § § § § | Case No.: _____<br><br>COMPLAINT AND JURY DEMAND<br><br>09  1297<br>MATSUMOTO, J.   LEVY, M.J |

Plaintiff, ANTONIO G. AGBUYA ("AGBUYA") brings suit against Defendant LVNV FUNDING LLC ("LVNV") for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 and the Fair Credit Reporting Act, 15 U.S.C. 1691 *et seq.*, (F.C.R.A.).

### A.   JURISDICTION AND VENUE.

1.   The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.) and the Fair Credit Reporting Act, 15 U.S.C. 1691 *et seq.*, (F.C.R.A.). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. and the F.C.R.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

2.   Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Brooklyn, New York.

3.   Plaintiff is an individual who resides in Brooklyn, NY.

4.   Defendant LVNV FUNDING LLC, a limited liability corporation, organized under the laws of the State of Delaware. Said Defendant engages in business in New York but does not maintain designated agent for service of process in New York. This suit arose out of said Defendant's business in New York. Therefore, LVNV FUNDING LLC, may be served by and

1

through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231. The New York Secretary of State may then forward a copy of the summons and complaint to Defendant by and through its Delaware registered The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington DE 19801 (New Castle County).

5. The court has jurisdiction over said Defendant, a nonresident, because said Defendant, in person or through an agent, transact business within the state of New York; committed a tortious act in the state of New York causing injury to person; committed a tortious act in the state of New York and 1) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state; 2) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; and/or 3) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce. Without limitation this includes Defendant, in person or through an agent, sending and continuing to send dunning letters to Plaintiff for a debt not owed.

### B. STATEMENT OF FACTS

6. For five years Plaintiff has been hounded for a debt with GE Capital he does not owe (hereafter "the false debt"). Most recently Defendant LVNV, directly and through its agents, has been attempting to collect this false debt. Plaintiff has repeatedly disputed this debt with LVNV, directly or through its agents.

7. Plaintiff has even forwarded to Defendant, directly and through its agent, a copy of a letter from GE Capital apologizing for its mistake in reporting derogatory information regarding the false debt.

8. Defendant LVNV received copies of correspondence from Plaintiff disputing the false debt and including the letter from GE Capital. On information and belief, upon receiving this correspondence Defendant did not contact GE Capital to very if the debt was in fact owed.

9. Defendant reported the false debt on one or more of Plaintiff's credit reports.

10. Plaintiff disputed the false debt in writing to one or more credit reporting agencies to which Defendant was reporting the false debt.

11. On information and belief, the credit reporting agency or agencies forwarded Plaintiff's dispute to Defendant.

12. On information, the information forwarded to Defendant included copies of documents Plaintiff sent to the credit reporting agency or agencies disputing the debt.

13. On information, Defendant did not contact GE Capital to inquire whether Plaintiff in fact owed the false debt.

14. Defendant verified the false debt as true and owing on one or more of Plaintiff's credit reports.

15. Defendant's actions caused Plaintiff actual damages, including damages for personal humiliation, embarrassment, mental anguish and/or emotional distress.

### COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

16. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

17. Plaintiff brings these F.D.C.P.A. claims as a "private attorney general" acting in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection

abuses will be enforcing compliance.").

18.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19.  Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

20.  The obligation alleged by Defendant in dunning letters sent by or on behalf of Defendant to Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5).

21.  The obligation alleged by Defendant to one or more credit reporting agencies regarding Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5).

22.  Defendant violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation Defendant violated the F.D.C.P.A. by taking the following actions in an attempt to collect a debt: misrepresenting the character, status, and amount of the debt; attempting to collect an amount not permitted by law or contract; using false, deceptive or misleading representations or means; using a unfair or unconscionable means; and engaging in conduct the natural consequence of which is to harass, oppress any person.

23.  Plaintiff seeks actual damages, statutory damages, exemplary damages and attorney's fees and costs.

## COUNT #2: Violation of the Fair Credit Reporting Act.

24.  Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.  The commonly used term "credit reporting agencies" is used interchangeably with the technical definition of that same term used by the F.C.R.A., "consumer reporting agencies."

25.  Defendant violated the Fair Credit Reporting Act ( "F.C.R.A."), 15 U.S.C. 1691 *et seq.*

4

Without limitation, Defendant violated the F.C.R.A. by willfully or, in the alternative, negligently verifying the amount and status of the debt in violation of 15 U.S.C. § 1681s-2(b). Defendant is liable for actual damages, statutory damages, punitive damages and attorney's fees for its F.C.R.A. violations.

26. Defendant violated 15 U.S.C. § 1681i(a) by failing to correct or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies and conducting a reinvestigation and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

27. Defendant communicated factual misrepresentation regarding Plaintiff's credit worthiness to the credit reporting agencies and, through the agencies, to prospective creditors seeking to extend credit, existing creditors reviewing the accounts to determine the terms upon which it would continue to offer credit, and promotional inquiries from prospective creditors seeking to determine if they should send Plaintiff credit particular credit offers. Defendant's false statements of Plaintiff's are libel per se. These statements made it more difficult for Plaintiff to obtain credit, maintain credit, or receive offers of credit on terms as favorable as they would be without Defendant's factual misrepresentations.

28. After being informed by the credit reporting agencies that the Plaintiff disputed the accuracy of the information it was providing, Defendant willfully failed to conduct a proper investigation of the Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b)(A).

29. Defendant willfully failed to review all relevant information purportedly provided by such credit reporting agencies to Defendant in conducting its investigation, as required by 15

U.S.C. § 1681s-2(b)(B).

30. Defendant willfully failed to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the extinguished debt as required by 15 U.S.C. § 1681s-2(b)(C).

31. Plaintiff has a private right of action to assert claims against Defendant arising under 15 U.S.C. § 1681s-2(b).

32. Defendant is liable to Plaintiff for actual damages by has sustained by reason of Defendant F.C.R.A. violations in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

33. The conduct, action and inaction of Defendant was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover pursuant to 15 U.S.C. § 1681o.

34. The Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

35. In the alternative to willful violations, Defendant's F.C.R.A. violations were committed negligently as stated below.

36. After being informed by the credit reporting agencies that Plaintiff disputed the accuracy of the information it was providing, Defendant negligently failed to conduct a proper

investigation of Plaintiff's dispute pertaining to the extinguished debt reported to the credit reporting agencies, as required by 15 U.S.C. § 1681s-2(b)(A).

37. Defendant negligently failed to review all relevant information purportedly provided by such credit reporting agencies to Defendant in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

38. Defendant negligently failed to direct such consumer reporting agencies to delete inaccurate information about Plaintiff pertaining to the disputed and settled debt, as required by 15 U.S.C. § 1681s-2(b)(C).

39. Plaintiff has a private right of action to assert claims against Defendant arising under 15 U.S.C. § 1681s-2(b).

40. Defendant is liable to Plaintiff for the actual damages he has sustained by reason of its violation of the F.C.R.A., in an amount to be determined by the trier of fact, together with his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

### C. JURY DEMAND.

41. Plaintiff demands a trial by jury.

### D. PRAYER

42. For these reasons, Plaintiff asks for judgment against Defendant for the following:

   i. The above referenced relief requested;

   ii. Statutory damages (including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.); and additional statutory damages under the F.C.R.A.

   iii. Actual, exemplary, and punitive damages within the jurisdictional limits

7

of the court;

iv. Attorney fees and costs;

v. Prejudgment and post-judgment interest as allowed by law;

vi. General relief;

vii. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Ahmad Keshavarz*

Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
State of New York Bar Number: 24012957

The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:     (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com